## THE ALABAMA.*

(*Circuit Court, E. D. Louisiana.* June, 1881.)

1. COLLISION—LIGHTS—TORCH—REV. ST. 4234—NEGLIGENCE ON BOTH SIDES.
    Libellants found to be in fault for not having red and green lights properly screened, and for not having a torch or flash-light to show on the bow of their boat when she approached the steam-ship. The steam-ship was in fault for not avoiding the collision, having sighted the smack two miles off. Damages divided.

Action for damages for a collision which occurred in Mobile bay on the fifth of January, 1878, between the sloop-smack Charles Henry and the steam-ship Alabama, both being under way. The defence alleged that the smack did not have a proper watch on deck; did not have her lights properly set and screened; and did not have the torch-light at her bows, as required by the laws of navigation. There was judgment in the district court for libellant for $1,083.86, and claimants appealed.

*Geo. H. Braughn, Chas. F. Buck, Max Dinkelspeil,* and *J. Ward Gurley, Jr.,* for libellant.

*Emmet D. Craig,* for claimant.

PARDEE, C. J. After examining the entire record, I find that the sloop-smack Charles Henry, at the time of the collision with the Alabama, and just prior thereto, was in fault in not having her red and green lights properly guarded and screened; in not having a torch or flash-light to show on her bow when she approached the steamer; and I am somewhat inclined to believe that there was no watch on deck. The failure to screen the red and green lights made it impossible to tell, on board the Alabama, what the course of the Charles Henry was, within some ten points. Her course might be north-east or north-west, and aboard the steamer she would appear to be coming head on. There can be no doubt that the shining of these lights on the Charles Henry confused the pilot of the Alabama, and rendered the collision probable. The evidence, though slightly conflicting, satisfies me that the Charles Henry never changed her course; and, whether her men were below or on watch, it was the duty of the steamer to keep out of her way; it was in the open bay, where there was plenty of room, and the sloop was seen by the quartermasters of the steamer near two miles off. If the sloop had no lights at

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar

all, the steamer should have avoided the collision if her pilots saw the sloop.

The collision was the result of negligence on both crafts; the damages must be divided.

The claimant's proctor pretends that the commissioner's report is all wrong, and that he did not have an opportunity to produce witnesses as to damages. It would seem that $150 a month for non-use of a smack not worth over $1,000, is pretty high; such a smack would soon pay for itself, laying up.

Whereupon the court entered a decree reversing the decrees and orders in the district court, holding that the collision was the fault of both vessels; that the damages be divided; and made a reference to a commissioner to examine and report actual damage suffered.